## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CYNTHIA LYNN BANKS,**

**Plaintiff,**

**v.**                                                                    **Case No: 5:15-cv-459-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

**Defendant.**

---

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").   Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be **AFFIRMED.**

## I.   BACKGROUND

Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning February 4, 2010, but later amended the onset date to December 15, 2011.   (Tr. 119-26, 637, 703-04).   The claim was denied initially, and upon reconsideration.   On September 21, 2012, the Administrative Law Judge (ALJ) issued an unfavorable decision.   (Tr. 523-44).   After the Appeals Council denied review, Plaintiff filed an appeal in this Court.   (Case no. 5:14cv72-Oc-18JRK).   On May 19, 2014, this Court reversed and remanded the case for further administrative proceedings.   (Tr.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

551-57).   By Order dated July 21, 2014, the Appeals Council remanded the case to the ALJ and directed the ALJ to provide Plaintiff with an opportunity to submit additional evidence; give further consideration to Plaintiff's maximum RFC; re-evaluate evidence at Step 4; and obtain evidence from a VE to clarify the effect of the assessed limitations on the occupational base.   (Tr. 561-62).

The ALJ held a hearing on December 1, 2014, where both the Plaintiff and an impartial vocational expert testified.   On January 23, 2015, the Administrative Law Judge (ALJ) issued a notice of a partially favorable decision, finding Plaintiff disabled as of January 12, 2015, the date that her age category changed.   (Tr. 485-99).   Thus, the ALJ found that Plaintiff was not disabled from December 15, 2011 through January 11, 2015.   (Tr. 21-39).   Plaintiff's request for review was denied by the Appeals Council (Tr. 464-67), and Plaintiff initiated this action on September 9, 2015.   (Doc. 1).   Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments:   degenerative disc disease of the cervical and lumbar spine; status post gunshot wound to the back (at age 16); hypertension; depressive disorder; anxiety disorder; and substance abuse.   (Tr. 488).

The ALJ found that from December 15, 2011 through January 11, 2015, Plaintiff had the residual functional capacity to perform less than the full range of light work.   The ALJ found that Plaintiff is able to lift 10 pounds frequently and 20 pounds occasionally; she can stand and/or walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday; she should avoid the frequent ascending and descending of stairs; she should avoid pushing and pulling motions with her lower extremities; she should avoid hazards in the workplace; she can perform occasional

balancing, stooping, crouching, kneeling, and crawling but not the climbing of ropes or scaffolds; and no more than occasional overhead reaching and feeling and pushing with her upper extremities.   The claimant has non-exertional limitations that frequently affect her ability to concentrate upon complex or detailed tasks.   However, she would remain capable of understanding, remembering and carrying out simple job instructions; she could make work-related judgments and decisions; she could respond appropriately to co-workers, supervision, and work situations; and she could deal with changes in a routine work setting.

Based upon her RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a ticket seller, mail clerk, and office helper.   (Tr. 498).   The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of her limitations.   (Tr. 498).   Accordingly, the ALJ determined that Plaintiff was not disabled from December 15, 2011 through January 11, 2015.

However, the ALJ found that beginning on January 12, 2015, Plaintiff's age category changed to an individual of advanced age.   (Tr. 497).   The ALJ found that applying the Medical Vocational Rule 202.06 there are no jobs that exist in the national economy that Plaintiff could perform.   (Tr. 498-99).   Thus, the ALJ found that Plaintiff was disabled as of January 12, 2015.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

III.   **DISCUSSION**

Plaintiff raises three arguments on appeal: (1) the ALJ failed to fully and fairly develop the record by failing to secure additional records from Munroe Regional Medical Center after being advised that Plaintiff could not afford to purchase them; (2) the ALJ's determination that

Plaintiff was not disabled prior to January 12, 2015 was arbitrary, capricious, and an abuse of discretion and the onset date is not supported by substantial evidence; and (3) the ALJ failed to obey the Appeals Council's remand Order.

### A.     The ALJ Developed a Full and Fair Record

It is well-settled that the ALJ has a "basic obligation" to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).[2]    Although the ALJ has a basic obligation to fully and fairly develop the record, Plaintiff – and not the ALJ – bears the burden of proving she is disabled, and thus, Plaintiff is responsible for producing evidence to support her claim.    *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).   Moreover, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."   *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).   The court should be guided by whether the record shows evidentiary gaps which result in unfairness or "clear prejudice." *Id.*

At issue here are 812 pages of medical records from Munroe Regional Medical Center. By letter dated November 25, 2014, Plaintiff's counsel requested that the ALJ obtain the records because Plaintiff could not afford the copying cost of $874.74.   (Tr. 653-54).   At the hearing on December 1, 2014, counsel again raised the issue of the records.   (Tr. 704-05).   The ALJ explained that it was rare in a hospitalization to need the entire medical chart and requested that counsel get the "ME summary" which would contain the relevant information.   Counsel stated that he would ask for the discharge summary and the admission and forward the evidence to the

---

[2] This basic obligation only rises to the level of a special duty when a claimant is unrepresented and unfamiliar with hearing procedures.  *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Here, Plaintiff was represented at the administrative hearing by an attorney and Plaintiff raises no challenge regarding her representation.   Accordingly, the ALJ's duty to develop a full and fair record did not rise to the level of a heightened duty.  *See Ellison*, 355 F.3d at 1276-77.

ALJ's office.   Counsel, however, did not submit any additional records, nor did he further contact the ALJ's office regarding the records.   Nevertheless, Plaintiff now argues that the ALJ violated his duty to develop a full and fair record by not obtaining the records.

However, Plaintiff fails to show that the additional medical records were necessary for the ALJ to make an informed decision or that she was prejudiced by the lack of records.   Indeed, Plaintiff identifies no gaps in the record and provides no details regarding the content of the Munroe records.   Instead, she simply speculates that "they **may** contain more detailed medical findings about Ms. Banks' impairments; they **may** contain technical or other specialized medical information; this **may** simply contain additional medical information that would resolve conflicts in the medical records already part of the administrative file."   Doc. 21 at 11 (emphasis added). This mere speculation, "as a statement by counsel without any evidentiary support, is not evidence against the Commissioner's decision."   *Saxon v. Colvin*, No. 1:14-cv-782-VEH, 2015 WL 4999700, at *6 (N.D. Ala. Aug. 21, 2015) (citing *Skyline Corp v. N.L.R.B.,* 613 F.2d 1328, 1337 (5th Cir. 1980)).   Accordingly, the ALJ did not violate his duty to develop a full and fair record.

### B.   The ALJ Did Not Commit Reversible Error by Finding a January 12, 2015 Onset Date

Next, Plaintiff takes issue with the ALJ's determination that Plaintiff was disabled as of January 12, 2015.   Plaintiff argues that the selection of this onset date was arbitrary, capricious, and an abuse of discretion and in violation of Plaintiff's due process.

The Commissioner treats a claimant's chronological age as a vocational factor.   20 C.F.R. § 404.1563.   The Regulations provide: "We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work.   We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)."   *Id.* at subsection (e).   The Regulations provide that the Commissioner "will not

apply the age categories mechanically in a borderline situation.   If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors in your case."   20 C.F.R. § 404.1563(b).

Pursuant to the agency's Hearing, Appeals, and Litigation Law Manual ("HALLEX"),[3] the ALJ will first assess whether the claimant reaches or will reach the next higher age category within a few days to a few months of the following: the date of adjudication (*i.e.,* the ALJ's decision); date last insured; end of disabled widow(er)'s benefit prescribed period; end of child disability re-entitlement period; or date of cessation of disability.   HALLEX I-2-2-42, Borderline Age, https://www.ssa.gov/OP_Home/hallex/I-02/I-2-2-42.html.     Generally, the Social Security Administration considers a few days to a few months to mean a period not to exceed six months. *Id*.   If using the higher age category will affect the outcome of the decision then a borderline age situation exists, and the ALJ will evaluate the overall impact of all factors on the claimant's ability to adjust to doing other work to determine whether to use the higher age category.   *Id*.   If the factors support using the higher age category, the ALJ will find the claimant disabled with an established onset date corresponding to the: date of adjudication; date last insured; end of disabled widow(er)'s benefit prescribed period; end of child disability re-entitlement period; or date of cessation of disability.   *Id.*

Here, the ALJ properly recognized Plaintiff's claim involved a borderline age situation, Plaintiff turned 55 years old, i.e., a person of advanced age twenty days after the ALJ's decision

---

[3] The HALLEX is "a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members."   *Howard v. Astrue,* 505 F.Supp.2d 1298, 1300 (S.D. Ala. 2007) (citation omitted).

(date of adjudication), and using the higher age category would affect the outcome.  (Tr. 497).

After considering all of the factors, the ALJ decided to use a higher age category on January 12,

2015 – 30 days before Plaintiff turned 55 years old and 11 days before the date of adjudication.

Then, applying Grid rule 202.06, the ALJ found that Plaintiff became disabled on January 12,

2015.  (Tr. 499)  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2 § 202.06.

Admittedly, the ALJ offered no explanation as to why he selected January 12, 2015, instead

of the date of adjudication, January 23, 2015.   However, Plaintiff has failed to show how this

earlier onset date was harmful or prejudicial to her claim.   Indeed, she received an additional 11

days of benefits.   Accordingly, any error in finding Plaintiff disabled 11 days before the

adjudication date was harmless, and remand for the ALJ to modify the onset day would be a waste

of administrative and judicial resources.  *See N.L.R.B. v. Wyman-Gordon Co*., 394 U.S. 759, 766

n.6 (1969) (when "remand would be an idle and useless formality," courts are not required to

"convert judicial review of agency action into a ping-pong game.")

### C.    The ALJ Complied with the Appeals Council Remand Order

In her final argument, Plaintiff contends that the ALJ failed to comply with the Appeals

Council's instruction to "give further consideration to the claimant's maximum residual functional

capacity and provide appropriate rationale with specific references to evidence of record in support

of the assessed limitations."   (Tr. 562).   Plaintiff argues that the ALJ simply "adopted" the severe

impairment finding and summary of evidence from the prior ALJ's decision with limited

supplementation regarding physical (not mental) impairments.   Plaintiff claims that it is not clear

if the ALJ gave further consideration to Plaintiff's maximum RFC or how the ALJ determined the

RFC.   Plaintiff also argues that the ALJ failed to consider Plaintiff's panic attacks with

agoraphobia, bipolar disorder, borderline personality disorder, mood swings, and PTSD.

To the extent Plaintiff is challenging the ALJ's step two analysis (and his failure to include panic attacks with agoraphobia, bipolar disorder, borderline personality disorder, mood swings, and PTSD), that argument fails.   Because the ALJ found several impairments to be severe – i.e., degenerative disc disease of the cervical and lumbar spine; status post gunshot wound to the back (at age 16); hypertension; depressive disorder; anxiety disorder; and substance abuse – and proceeded to step three of the sequential analysis, the ALJ's analysis at step two does not constitute reversible error.   *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

Moreover, the ALJ properly considered Plaintiff's impairments in combination as required by Eleventh Circuit law.   Where a claimant alleges more than one impairment, the Commissioner has a duty to consider the cumulative effects of the impairments in making the determination as to whether the claimant is disabled.   *Jones v. Dep't of Health & Hum. Servs.,* 941 F.2d 1529, 1533 (11th Cir. 1991).   Here, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that medically meets or equals any of the impairments" listed in the regulations and noted that in making his RFC finding he considered "the entire record" and "all symptoms and extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."   (Tr. 489, 496)   These statements by the ALJ are more than sufficient to demonstrate that he properly considered Plaintiff's impairments in combination. *See e.g., Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002).

Plaintiff's argument that ALJ improperly evaluated the medical evidence is without merit. As an initial matter, Plaintiff cites no legal authority to support her contention that the ALJ is prohibited from incorporating the summary of the evidence from the prior ALJ's decision.   And contrary to Plaintiff's suggestion, the ALJ is not required to discuss every detail in the record so

long as the ALJ's decision is sufficient to show that the ALJ properly considered the Plaintiff's condition as a whole.  *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F. 3d 780, 782 (11th Cir. 2014).

Moreover, the ALJ's decision clearly shows that he adequately discussed the medical evidence.  (Tr. 490-97).   The ALJ noted that the record was devoid of any opinions from treating or examining physicians that Plaintiff is disabled.   (Tr. 490).   The ALJ discussed and accorded some weight to the opinion of state agency physician Dr. Desai who affirmed the February 2011 assessment that Plaintiff could perform light work with postural, manipulative and environmental limitations.   (Tr. 490).   The ALJ discussed the progress notes of Dr. Jose Delgado from Marion Physicians Associates and the treatment records from Heart of Florida Health Center.   (Tr. 493-94).   The ALJ also discussed the January 2011 consultative examination by Dr. Samer Choksi. (Tr. 315-19, 493-94).   Plaintiff did not specifically challenge the ALJ's consideration of any of this medical evidence.

The ALJ also considered the relevant evidence concerning Plaintiff's mental impairments. (Tr. 494-96).   The ALJ discussed the progress notes from The Centers where Plaintiff reported depression, mood swings and panic attacks; she was diagnosed with bipolar disorder, PTSD, panic disorder with agoraphobia, cannabis dependence, cocaine abuse, and borderline personality disorder.   The ALJ also discussed the consultative psychological evaluation performed by Dr. Bojarski in December 2010.   (Tr. 310-13, 495).   As the ALJ noted, on examination, Plaintiff maintained good eye contact, there was no evidence of a thought disorder, concentration was normal, and abstract thinking was intact.   Memory testing was consistent with borderline to low average abilities and suggested mild to moderate memory deficits.   Dr. Bojarski diagnosed

anxiety disorder NOS, bipolar disorder NOS (by report), nicotine dependence, dysthymic disorder, and pain disorder and reported that Plaintiff could independently manage funds.

The ALJ also considered and afforded weight to the opinions of state agency psychological consultants, Jane Cormier, Ph.D. and Jill Rowan, Ph.D., both of whom agreed that Plaintiff could understand and recall simple and detailed instructions; sustain attention for simple tasks; interact appropriately with the public, coworkers, and supervisors; respond to changes in the work environment and work hazards; make plans on an independent basis; and perform routine, repetitive tasks on a sustained and independent basis and in a socially appropriate manner.   (Tr. 390, 392).

Without specifically challenging the ALJ's consideration of this evidence, Plaintiff nonetheless argues that the ALJ failed to consider the effect that her panic attacks with agoraphobia, bipolar disorder, borderline personality disorder, mood swings, and PTSD had on her ability to work.  (Doc. 21 at 18-19).  As an initial matter, "the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard."  *Moore v. Barnhart*, 405 F.3d 1208, 1213, n.6 (11th Cir. 2005).  Moreover, as discussed *supra*, the ALJ discussed the evidence related to these impairments and concluded that Plaintiff retained the ability to understand, remember and carry out simple job instructions, make work-related judgments and decisions, respond appropriately to co-workers, supervision, and work situations, and deal with changes in a routine work setting. (Tr. 490).  Plaintiff fails to show that her conditions caused additional limitations beyond those included in the RFC.

Accordingly, the ALJ considered Plaintiff's condition as a whole, properly assessed her RFC, and thus, complied with the Appeals Council's order.

## IV.    RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on January 13, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties